IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30228
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

MARCUS THEODORE,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-284-L
- - - - - - - - - -
October 10, 1996
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Marcus Theodore contends that the district court erred in
denying him an additional one-level reduction for the acceptance
of responsibility.  Section 3E1.1(b) of the sentencing guidelines
established a three-part test to determine entitlement to the
additional one-level decrease for acceptance of responsibility.
United States v. Mills, 9 F.3d 1132, 1136 (5th Cir. 1993).  The
sentencing court is directed to grant the additional one-level

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

decrease in the defendant's offense level if (1) the defendant qualifies for the two-level decrease under § 3E1.1(a) for acceptance of responsibility; (2) the defendant's offense level is 16 or higher before the two-level reduction under § 3E1.1(a); and (3) the defendant timely "`assisted authorities'" by taking "one--but not necessarily both--of two `steps':  either (a) `timely' furnishing information to the prosecution about the defendant's own involvement in the offense (subsection (b)(1)); or (b) `timely' notifying the authorities that the defendant will enter a guilty plea (subsection (b)(2))."  United States v. Tello, 9 F.3d 1119, 1124-25 (5th Cir. 1993).

Affording the district court the great deference that is required, we find that the denial of the additional reduction for acceptance of responsibility was not clearly erroneous because of the Government's representations, the close proximity of the plea to the trial date, and the extensive factual basis presented for the plea.   United States v. Bermea, 30 F.3d 1539, 1577 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113, 1825 (1995); see § 3E1.1, comment. (n.5) ("the determination of the sentencing judge is entitled to great deference").

AFFIRMED.